UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TAVARIS TYLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:22-cv-00274-JMS-MKK |
| ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, ) | |
| ATTORNEY GENERAL OF THE STATE OF ) | |
| INDIANA, THE, ) | |
| ) | |
| Respondents. ) | |

**Entry Granting Petition for Writ of Habeas Corpus**

Tavaris Tyler's petition for a writ of habeas corpus challenges his conviction and sanctions in prison disciplinary case ISF 22-04-0254. Because he was not afforded adequate notice of the charge for which he was ultimately punished, Mr. Tyler's petition is granted.

**I. Overview**

Prisoners in Indiana custody[1] may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

---

[1] Although Indiana Department of Correction (IDOC) records indicate that Mr. Tyler has been released from prison, state court records indicate that he remains on probation for his offense of incarceration. *See* IDOC, *Indiana Incarcerated Database*, https://www.in.gov/apps/indcorrection/ofs/ofs?lname=tyler&fname=tavaris&search1.x=0&search1.y=0 (last visited Dec. 6, 2023); *State of Indiana v. Tavaris M. Tyler*, No. 49D29-2002-F4-005035, Sentencing Order (Marion Superior Ct. 29, Feb. 18, 2022) (sentence of one year in IDOC, one year work release, and two years probation). Therefore, he remains "in custody" for purposes of 28 U.S.C. § 2254. *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) ("If the prisoner is seeking what can fairly be described as a quantum change in the level of custody," including "outright freedom," "then habeas corpus is his remedy."); *see also Thomas v. Zaruba*, 188 F. App'x 485, 487 (7th Cir. 2006) (Petitioner was "subject to the terms of probation as a matter of law . . . and thus in custody.").

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

At 8:41 P.M. on April 28, 2022, Mr. Tyler initiated a conversation with Correctional Officer Givens through the doorway of the caseworker's office. Dkt. 7-1 (conduct report); dkt. 8 at 2 ("Yes, I approached the doorway. Yes, c/o Givens and I engaged in conversation."). According to Officer Givens, she had just announced that it was time for the count, and Mr. Tyler asked her about how long she had been working at the prison and whether she would like to get to know him better after he was released. Dkt. 7-1.

Mr. Tyler was charged with conspiring to solicit personal information from a staff member. Dkt. 7-2. Indiana Department of Correction (IDOC) Disciplinary Code 247, "Possession or Solicitation of Unauthorized Personal Information," punishes:

> Possessing or soliciting unauthorized personal information regarding [a] staff person, including but not limited to personnel files, offender packets, medical or mental health records, photographs, Social Security Numbers, home addresses, financial information, or telephone numbers, except as authorized by a court order or as approved in writing by the Warden.

Dkt. 7-7 at 9. He was found guilty at a hearing and sanctioned with the loss of 28 days earned credit time and a credit-class demotion. Dkt. 7-4.

In response to an administrative appeal, an IDOC authority left Mr. Tyler's conviction and sanctions intact but modified his charge to interfering with the count. Dkt. 7-6 at 1. Disciplinary Code 251, "Interfering with Count," punishes: "Failing to stand count, being late for count, or interfering with the taking of the count." Dkt. 7-7 at 10.

### III. Analysis

Mr. Tyler presents three challenges to his disciplinary conviction, including that his rights to notice and a hearing were effectively denied when his charge was retroactively modified. Because this argument merits relief, the Court need not address the other two.

Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted).

The prison staff may modify the inmate's charge without violating due process—but only if the notice of the original charge included "all the information he needed to defend against the [amended] charge." *Id.* at 911. Indeed, the charge may be modified by an administrative appeal officer well after the hearing is over. *Id.* at 910 ("[T]he Conduct Adjustment Board . . . found him guilty of a Code 100-A violation . . . . [T]he reviewing authority . . . modified the charge, . . . finding that Northern violated Code 111/113-A for attempted trafficking.").

It is true that Mr. Tyler's modified charge was "premised on the same facts"—or at least the same incident—"as the original." *Davenport v. Royal*, 482 F. App'x 183, 185 (7th Cir. 2012). But this is not a case where the modified charge "relies on the same evidence" as the original, nor does the inmate's "defense appl[y] equally to both charges." *Salazar v. Wilson*, 498 F. App'x 600, 608 (7th Cir. 2012). Mr. Tyler admits that he engaged Ms. Givens in conversation after she announced it was time for count. But neither the conduct report nor any other pre-hearing document Mr. Tyler indicated that he was late for the count or that he prevented Ms. Givens from completing duties related to the count. Rather, the details of the conduct report concern the contents

3

of their conversation. Because he was charged with soliciting unauthorized information, the pertinent question was whether Mr. Tyler inquired into forbidden subject matter. He was not on notice that he needed to defend against a charge of soliciting unauthorized information by presenting evidence that he did not interfere with the count. Such evidence was irrelevant to whether the questions he asked Officer Givens were permissible.

Meanwhile, Mr. Tyler has identified material evidence and arguments he might have offered had he been notified of the interfering-with-count charge before the hearing. For example, although Officer Givens made her announcement at 8:41 P.M., Mr. Tyler states that the count ordinarily does not begin until 8:45. Further, he states that all doors in the unit are closed while count is in progress. *See* dkt. 2 at 3–4. This information may have allowed the hearing officer to conclude that the count had not begun when Mr. Tyler conversed with Officer Givens, that he was not late for the count, and that he did not interfere with any staff member's completion of the count.

Finally, this case is distinguishable from *Northern* itself. Northern received notice that investigators determined that he, his brother, and a staff member smuggled contraband tobacco into the prison. *Northern*, 326 F.3d at 910. Northern's brother sent the tobacco and bribe money to the staff member, who hid it in the prison. *Id.* Northern retrieved it and delivered it to inmates, who sent their payments to Northern's brother. *Id.* Northern received "a detailed investigation report" describing the operation. *Id.* at 911. More importantly, Northern was originally charged with conspiring to bribe an officer to facilitate the trafficking that was the subject of the amended charge. Defending against the former required him to defend against the latter.

There is no such connection between Mr. Tyler's charges. He was not initially accused of conversing with Officer Givens to avoid being counted or to prevent her from completing the

4

count. He was charged with asking inappropriate questions. Mr. Tyler may have interfered with the count, but he did not receive an opportunity to defend against that charge.

### IV. Conclusion

Mr. Tyler's petition is **granted**. The **clerk is directed** to enter **final judgment** in his favor. The Respondent must **vacate** Mr. Tyler's disciplinary conviction in ISF 22-04-0254, **rescind** all associated sanctions, **restore** his earned credit time and credit-earning class, and **recalculate** the date on which he will be eligible for release from his current custody.

**IT IS SO ORDERED.**

Date: 12/11/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

TAVARIS TYLER
625 Shingle Oak Court
Indianapolis, IN 46224

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov